

**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: September 30, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: IKECHUKWU H. OKORIE | CASE NO. 19-50379-KMS |
| DEBTOR | CHAPTER 7 |
| IKECHUKWU HYGINUS OKORIE | PLAINTIFF |
| V. | ADV. PROC. NO. 25-06008-KMS |
| PRIORITYONE BANK | DEFENDANT |
| IKECHUKWU HYGINUS OKORIE | PLAINTIFF |
| V. | ADV. PROC. NO. 25-06013-KMS |
| PRIORITYONE BANK | DEFENDANT |
| IKECHUKWU HYGINUS OKORIE | PLAINTIFF |
| V. | ADV. PROC. NO. 24-06027-KMS |
| PRIORITYONE BANK, DEREK HENDERSON | DEFENDANTS |

### OPINION AND ORDER DISMISSING ADVERSARY PROCEEDINGS[1]

---

[1] The Complaints in each of these adversary proceedings were filed by Debtor Ikechukwu Hyginus Okorie against PriorityOne Bank. Because the issues in each case are similar, the Court addresses the dismissal of the adversary proceedings in a single order. Electronic case filing document numbers in the adversary proceedings are generally designated as "Adv. No. 25-06008, Dkt. No. ___," "Adv. No. 25-06013, Dkt. No. ___," and "Adv. No. 24-06027, Dkt. No. ___." *See The Bluebook: A Uniform System of Citation* R. B17.1.4, at 25-27 (Columbia L. Rev. Ass'n et al. eds., 22d ed. 2025). Document numbers in the underlying bankruptcy case No. 19-50379 are designated as "Dkt. No. ___."

Three adversary proceedings filed by Debtor Ikechukwu Okorie against PriorityOne Bank are currently pending: Adversary No. 25-06008-KMS; Adversary No. 25-06013-KMS; and Adversary No. 24-06027-KMS. The following motions are before the Court:

(1) *Motion to Dismiss* – Adv. No. 25-06008
- Motion to Dismiss by PriorityOne (Adv. No. 25-06008, Dkt. No. 6),
- Brief in support of the Motion (Adv. No. 25-06008, Dkt. No. 7),
- Response by Okorie (Adv. No. 25-06008, Dkt. No. 9).
- A hearing was held on the Motion to Dismiss on July 17, 2025, at which time the Court took the matter under advisement. *See* Min. Entry, Adv. No. 25-06008, Dkt. No. 73; Hr'g Tr., Adv. No. 25-06008, Dkt. No. 88).

(2) *Motion to Dismiss* – Adv. No. 25-06013
- Motion to Dismiss by PriorityOne (Adv. No. 25-06013, Dkt. No. 16),
- Brief in support of the Motion (Adv. No. 25-06013, Dkt. No. 17),
- Opposition by Okorie (Adv. No. 25-06013, Dkt. No. 20).
- A hearing was held on that Motion to Dismiss on September 17, 2025, and the Court took the matter under advisement. *See* Min. Entry, Adv. No. 25-06013, Dkt. No. 30.

(3) *Motion to Amend* – Adv. No. 25-06008
- Okorie's Motion for Leave to Amend Adversary Complaint (Adv. No. 25-06008, Dkt. No. 35),
- PriorityOne Bank's Response (Adv. No. 25-06008, Dkt. No. 41).
- The motion was heard on July 17, 2025, and the Court took the matter under advisement. *See* Min. Entry, Adv. No. 25-06008, Dkt. No. 72.

(4) *Motion to* Reinstate – Adv. No. 24-06027
- Motion to Reinstate Adversary Proceeding by PriorityOne and Derek Henderson (Adv. No. 24-06027, Dkt. No. 27),
- Okorie's Response in Opposition (Adv. No. 24-006027, Dkt. No. 28).
- A hearing was held on the Motion to Reinstate on September 17, 2025, at which time the Court took the matter under advisement. *See* Min. Entry, Adv. No. 24-06027, Dkt. No. 34.

In his opposition to PriorityOne's motion to reinstate Adversary No. 24-06027, Okorie admitted the proceeding arose "from claims related to [PriorityOne and Henderson's] alleged misconduct in connection with [Okorie's] bankruptcy estate, including wrongful foreclosure and related matters, which overlap with issues in [Okorie's] prior and ongoing proceedings." Adv. No. 24-06027, Dkt. No. 28 at 2. He acknowledged that the stay of that adversary was "imposed due to

the pendency of the appeal … which challenges the dismissal of substantially similar claims in Adversary No. 23-06019-KMS." *Id*. Okorie succinctly stated that reinstatement "would burden the Court and parties with parallel litigation on intertwined issues" and would "risk inconsistent rulings, and . . . forc[e] duplicative litigation." *Id*. at 2, 4. On these principles, the Court agrees. As explained below, all three adversary proceedings should be dismissed under the doctrine of res judicata that precludes relitigation of matters already decided, and the motions to reinstate adversary and to amend complaint should be denied.

## I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties to these proceedings under 28 U.S.C. § 1334. These matters are core proceedings under 28 U.S.C. § 157(b).[2]

## II. Background

**A. Each Adversary Proceeding was Filed by Okorie Against PriorityOne Bank.**

In the complaints in each of the three adversary proceedings, Okorie alleges wrongful actions by PriorityOne, and in one case its counsel Derek Henderson, related to a loan secured by and foreclosure of 908 W. Pine Street, Hattiesburg, Mississippi. Similarly, in a prior adversary proceeding against PriortyOne and Henderson, Okorie alleged violations of the automatic stay and improper foreclosure of the same property. *See* Adv. No. 23-06019-KMS, Dkt. No. 1. That action ended in dismissal with prejudice. *See* Order Dismissing Compl., Adv. No. 23-06019-KMS, Dkt. No. 33. The prior adversary proceeding was initiated in the bankruptcy court, while the three

---

[2] *See also* Referral Order, Adv. No. 25-06008-KMS, Dkt. No. 1 at 7-10 (indicating that wrongful foreclosure claim including violation of stay constitutes core proceeding); Referral Order, Adv. No. 25-06013, Dkt. No. 1 at 2 (this action implicates core proceedings); Referral Order, Adv. No. 24-06027-KMS, Dkt. No. 1 at 2 (same).

current proceedings were initiated in state court or district court but ultimately referred to this Court. Following is a comparison of the four proceedings.

| ADVERSARY PROCEEDING COMPARISON TABLE | | | | |
|---|---|---|---|---|
| **Description: (Who What When Where)** | **Adv. No. 23-06019** | **Adv. No. 25-06008** | **Adv. No. 25-06013** | **Adv. No. 24-06027** |
| **Complaint Filed** | 7-25-23 | 11-20-24 | 5-5-25 | 3-18-24 |
| **Parties** | Ikechukwu Hyginus Okorie v. PriorityOne Bank, Kimberly R. Lentz, Derek A. Henderson | Ikechukwu Hyginus Okorie v. PriorityOne Bank | Ikechukwu Hyginus Okorie v. PriorityOne Bank | Ikechukwu Hyginus Okorie v. PriorityOne Bank, Derek Henderson, attorney for PriorityOne Bank |
| **Court** | Bankruptcy (S.D. Miss.) | Chancery (Forrest County, Miss.) (No. 24-cv-623-SM)<br><br>11-25-24 Removed to District Court (S.D. Miss.) (No. 2:24-cv-00181-HSO-BWR) | Chancery (Forrest County, Miss.) (No. 25-cv-243-SM)<br><br>5-20-25 Removed to District Court (S.D. Miss.) (No. 2:25-cv-00065-KS-MTP) | District (S.D. Miss.) (No. 2:24-cv-00047-KS-MTP) |
| **Referral to Bankruptcy from District Court** | | 5-1-25 (J. Ozerden)<br><br>5-12-25 – Motion to Reconsider Referral Denied by District Court[3] | 6-18-25 (J. Starrett) | 9-11-24 (J. Starrett)<br><br>2-19-25 - Appeal of Referral Order Dismissed by 5th Cir.[4] |
| **Causes of Action** | **Count I:** Injunctive Relief for Violation of Automatic Stay Against PriorityOne Bank and Derek A. Henderson (regarding foreclosure of 908 W. Pine Street) | **Count I:** Wrongful Foreclosure of property located at 908 W. Pine Street in violation of automatic stay in | **Count I:** Wrongful Foreclosure (of 908 W. Pine Street, Hattiesburg, Mississippi property) | **Count I:** Violation of the Real Estate Settlement Procedures Act<br><br>**Count II:** |

---

[3] *See* Order Den. Mot. Recons., *Okorie v. PriorityOne Bank*, No. 2:24-cv-181-HSO-BWR, Dkt. No. 23 (S.D. Miss. May 12, 2025).

[4] *See Okorie v. PriorityOne Bank*, No. 24-60472, Dkt. Nos. 27, 28 (5th Cir. Feb. 19, 2025), *mandate issued* (Mar. 13, 2025).

|  |  |  |  |  |
|---|---|---|---|---|
|  | **Count II**: Intentional and Negligent Infliction of Emotional Distress<br><br>**Count III**: Breach of Fiduciary Duty Against Kimberly R. Lentz<br><br>**Count IV**: Declaratory Relief Against all Defendants | Okorie's bankruptcy case<br><br>**Count II**: Declaratory Judgment – requesting remedies for illegal foreclosure | **Count II**: Fraud<br><br>**Count III**: Breach of Good Faith and Fair Dealing<br><br>**Count IV**: Declaratory Judgment | Violations of the Fair Debt Collection Practices Act<br><br>**Count III:** Fraud on the Court<br><br>**Count IV:** Intentional Infliction of Emotional Distress |
| **Dismissal / Hearings** | 3-10-25 – Complaint Dismissed (Adv. No. 23-06019-KMS, Dkt. No. 33)<br><br>4-3-25 – Appeal to District Court[5] | 7-17-25 – Hearing on PriorityOne's Motion to Dismiss<br><br>7-17-25 – Hearing on Okorie's Motion to Amend Complaint | 9-17-25 – Hearing on PriorityOne's Motion to Dismiss<br><br>9-17-25 – Hearing | 9-17-25 – Hearing on PriorityOne's Motion to Reinstate Adversary |

**B. Motions to Dismiss Filed by PriorityOne Bank.**

PriorityOne filed Motions to Dismiss in two adversary proceedings. *See* Adv. No. 25-06008-KMS, Dkt. No. 6; Adv. No. 25-06013-KMS, Dkt. No. 16). PriorityOne argues that Okorie is barred from bringing the actions for the following reasons:

(1) *Okorie's complaints are time barred*: PriorityOne asserts that the statute of limitations for wrongful foreclosure is three years pursuant to Mississippi Code Annotated § 15-1-49, and the foreclosure was conducted on June 7, 2019, over five years ago. Adv. No. 25-06008, Dkt. No. 6 at 3; Adv. No. 25-06013, Dkt. No. 16 at 3.

(2) *PriorityOne's deficiency claim has been allowed:* PriorityOne filed a deficiency claim after foreclosure. Okorie objected and the Court overruled the objection. *See In re Okorie*, No. 19-50379, Dkt. No. 932 (Bankr. S.D. Miss. Nov. 6, 2023). The District Court and Fifth Circuit affirmed the Bankruptcy Court's decision on appeal. *See Okorie v. Citizens Bank*, No. 2:23-00173-HSO-RPM, Dkt. No. 30 (S.D. Miss. May 22, 2024); *aff'd*, No. 24-60255, Dkt. No. 128, 129 (5th Cir. Oct. 11, 2024); *mandate issued*, Dkt. No. 139 (5th Cir. Dec. 3, 2024). Okorie is precluded

---

[5] *See* Notice of Appeal, Adv. No. 23-06019-KMS, Dkt. No. 42. *See also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (recognizing that res judicata attaches to final order so long as it stays unmodified or remains undecided).

from relitigating this issue and estoppel applies.[6] Adv. No. 25-06008, Dkt. No. 6 at 3-4; Adv. No. 25-06013-KMS, Dkt. No. 16 at 3.

(3) *Okorie is precluded from relitigating an alleged violation of the 11 U.S.C. § 362 automatic stay or finality of the foreclosure*: See Adv. No. 25-06008, Dkt. No. 6 at 4-6; Adv. No. 25-06013, Dkt. No. 16 at 3-5.

(4) *Okorie is claim splitting*: PriorityOne alleges that Okorie's attempts to bring lawsuits in different courts based on the same facts and claims, constitutes claim splitting, and is prohibited.[7] Adv. No. 25-06008-KMS, Dkt. No. 6 at 6-7; Adv. No. 25-06013-KMS, Dkt. No. 16 at 7.

### III. Analysis

**A. Standard for Dismissal.**

A complaint is "subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy." 5B *Wright & Miller's Federal Practice & Procedure* § 1357 (4th ed. updated May 20, 2025) (noting that affirmative defenses considered on Rule 12(b)(6) include statute of limitations, laches, res judicata and related preclusion principles). And "a finding of res judicata is appropriate on a motion to dismiss when the res judicata bar is apparent from the face of the pleadings and judicially-noticed facts." *McCoy v. Miss. Dep't of Revenue (In re McCoy)*, No. 07-2998-NPO, No. 18-01569-NPO, Adv. No. 19-00019-NPO, 2020 WL 718266, at *8 (Bankr. S.D. Miss. Feb. 3, 2020).

**B. Res Judicata Precludes Litigation of Claims Arising from a Previously Litigated Common Nucleus of Operative Facts.**

---

[6] "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different claim or cause of action involving a party to the first case." *In re Reddy Ice Holdings, Inc.*, 611 B.R. 802, 808 (Bankr. N.D. Tex. 2020).

[7] *See Gen. Land Off. v. Biden*, 71 F.4th 264, 269-70 (5th Cir. 2023) ("The rule against claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants."); *Copart of Conn., Inc. v. City of Canton,* No. 3:23-CV-192-HTW-LGI, 2025 WL 790972, at *3 (S.D. Miss. Mar. 12, 2025) (prohibition on claim-splitting is based in res judicata).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). Under claim preclusion, "if a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Application of res judicata requires four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d at 571. In each of the adversary proceedings before the Court, the parties are identical or are in privity, and prior final judgments were rendered by a court of competent jurisdiction.

In determining whether the same claim or cause of action was involved, the Fifth Circuit applies a transactional test. *Id.* "Under that test, 'a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.'" *Nix v. Major League Baseball*, 62 F.4th 920, 929 (5th Cir. 2023) (quoting *Test Masters Educ. Servs.*, 428 F.3d at 571). Applying the transactional test, "the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (internal quotations marks omitted).

The common nucleus of operative facts or "transactional test does not inquire whether the same *evidence* has been presented in support of the two claims, but rather asks *whether the same key facts are at issue in both of them*." *Tex. Ent. Ass'n, Inc. v. Hegar*, No. 1:20-CV-707-DAE, 2023 WL 2541139, at *9 (W.D. Tex. Feb. 13, 2023) (quoting *New York Life Ins. Co. v. Gillispie*, 203 F.3d at 387). "[R]es judicata generally prevents a plaintiff from asserting in a separate action new evidence, grounds, theories, remedies, or forms of relief related to the initial claim." *In re McCoy*, 2020 WL 718266, at *10. "[T]hat a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims." *Id*. at *11 (quoting Restatement (Second) of Judgments § 24 cmt. c.). *See also Ries v. Paige (In re Paige)*, 610 F.3d 865, 873 (5th Cir. 2010) ("[T]he type of relief requested, substantive theories advanced, or types of rights asserted is not controlling for purposes of the transactional test.") (internal quotations marks omitted).

**1. The "Same Claim or Cause of Action" Element of Res Judicata is Satisfied by Prior Rulings of the Court.**

The allegations and theories of recovery asserted in the adversary proceedings now before the Court repeat those in prior actions and are based on a common set of facts, thereby satisfying the last element for res judicata. Prior rulings[8] include:

**(1) Order Granting Motion to Dismiss Adversary (Adv. No. 23-06019, Dkt. No. 33).**

On March 10, 2025, the Court issued its Order Dismissing Complaint with prejudice determining that that res judicata precluded relitigation of issues:

> The Complaint filed by Okorie seeks injunctive relief against PriorityOne and Henderson for alleged violation of the automatic stay related to foreclosure of PriorityOne's collateral, asserts claims for intentional infliction of emotional distress against all defendants and breach of fiduciary duty against Lentz, and seeks

---

[8] *See* Chart attached as Ex. "A".

> declaratory judgment against all defendants regarding PriorityOne's foreclosure. Compl. Counts I, II, III, IV, Adv. ECF No. 1 at 9-14.
>
> The Court has ruled on the dispute among Okorie, PriorityOne, and Henderson, annulling the automatic stay and denying Okorie relief. Op. and Order Den. Mot. for Violation of Automatic Stay and Granting Mot. to Annul Stay, ECF No. 1059, *In re Okorie*, No. 19-50379-KMS (Bankr. S.D. Miss. Feb. 12, 2024), *aff'd*, *Okorie v. Lentz (In re Okorie)*, No. 2:24-cv-00020-HSO-BWR (S.D. Miss. July 19, 2024), *aff'd*, No. 24-60377 (5th Cir. Feb. 25, 2025). The Court has also ruled that there was no evidence of attorney or creditor misconduct in the underlying bankruptcy case. Order Granting Mot. for Sanctions, ECF No. 1198 at 7-9, 11, *In re Okorie*, No. 19-50379-KMS (Bankr. S.D. Miss. Mar. 25, 2024), *aff'd*, *Okorie v. Lentz (In re Okorie)*, No. 2:24-cv-00051-KS-MTP (S.D. Miss. Sept. 9, 2024), *aff'd*, No. 24-60469 (5th Cir. Nov. 22, 2024), *reh'g denied* (5th Cir. Jan. 7, 2025), *mandate issued* (5th Cir. Jan. 15, 2025).
> . . .
> The Complaint simply rehashes arguments and claims that have been decided by this Court and denied. Okorie's continued attempts to relitigate his claims are barred by res judicata. *See* Order Den. Various Pending Mots., ECF No. 1463 (incorporated herein by reference). The Court may sua sponte dismiss on res judicata grounds "in the interest of judicial economy where both actions were brought in the same court." *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264 (5th Cir. 2018) (citing *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)). The interests of judicial economy require dismissal here.

Adv. No. 23-06019-KMS, Dkt. No. 33 at 1-3.

**(2) Opinion and Order Denying (Okorie's) Motion for Violation of Automatic Stay and Granting (PriorityOne's) Motion to Annul Stay (No. 19-50379-KMS, Dkt. No. 1059)**

Over four years after foreclosure, Okorie alleged that PriorityOne willfully violated the automatic stay by foreclosing without obtaining relief from the stay. Dkt. No. 1059 at 1. However, the Court granted PriorityOne's motion to annul the stay, thereby validating the foreclosure. *Id.* at 2. In its February 12, 2024, ruling, the Court stated:

> The Motion for Violation of Stay is one of dozens of objections, other contested matters, and adversary proceedings that Dr. Okorie has filed in rapid-fire succession pro se, mostly seeking to undo events that he himself set in motion. Twenty of the claims objections were overruled in the Opinion and Order on Debtor's Objections to Claims ("Order Overruling Claims Objections"), ECF No. 932, including an objection to PriorityOne's claim. The arguments against PriorityOne's claim have already been determined to be without merit and will not be reconsidered.
> . . .

Page **9** of **18**

> In November 2019, Dr. Okorie submitted a chapter 11 plan that acknowledged the foreclosure on the Clinic Property and provided that any deficiency would be paid as a general unsecured claim. *See* ECF No. 156 at 6. In August 2020, Inland submitted a plan that also acknowledged the foreclosure on the Clinic Property and provided that PriorityOne's deficiency claim in that case would be treated as a general unsecured claim. *See* Inland Case, ECF No. 333 at 7. In October 2020, Inland's plan was confirmed. Inland Case, ECF No. 358. In March 2021, after Dr. Okorie's case was converted, he filed his Official Form 108, Statement of Intention, in which he declared his intention to surrender the Clinic Property. ECF No. 365 at 2-3.
> 
> . . .
> 
> Neither Inland nor Dr. Okorie attempted to stop the foreclosure sale, for which they had a month's advance notice. Both Inland and Dr. Okorie acknowledged the foreclosure in their respective chapter 11 plans. And neither Inland nor Dr. Okorie objected to PriorityOne's deficiency claim.
> 
> . . .
> 
> Second, more than four years have passed since Dr. Okorie voluntarily vacated the Clinic Property. Since then, PriorityOne has relied on what it believed was a valid foreclosure. It bought the Clinic Property, filed deficiency claims, and apparently sold the Clinic Property to a third party, ECF No. 1043 at 2, 7-8. Dr. Okorie and Inland, too, have treated the foreclosure as valid and necessary to a successful exit from bankruptcy. Dr. Okorie's plan and Inland's plan acknowledged the foreclosure and provided for payment of the deficiency claim.

Dkt. No. 1059 at 2, 5, 11.

**(3) Order Overruling Okorie's Objection to PriorityOne's Proofs of Claim (No. 19-50379-KMS, Dkt. No. 932)**

In its November 2023 order overruling objections to claims by Okorie, the Court noted, among other things, that Okorie listed PriorityOne's debt as undisputed in his schedules, (Dkt. No. 932 at 10, 23), recognized the foreclosure of collateral at 908 W. Pine Street in the plan and disclosure statements, (Dkt. No. 932 at 11, 14, 21), and acknowledged the existence and amount of debt, (Dkt. No. 932 at 11, 22).

**(4) Order Denying Various Pending Motions (No. 19-50379-KMS, Dkt. No. 1463)**

On February 3, 2025, the Court issued its Order Denying Various Pending Motions that included Okorie's motion (Dkt. No. 855) alleging PriorityOne violated the automatic stay by foreclosing on its collateral. Dkt. No. 1463 at 2. The Court ruled that:

> Res judicata bars "the litigation of claims that either have been litigated or should have been raised in an earlier" action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570-71 (5th Cir. 2005). Final orders of the bankruptcy court are final judgments on the merits for res judicata purposes. *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 742 (5th Cir. 1993) (order authorizing sale of assets is final order for purposes of res judicata); *see also Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) (order allowing proof of claim is final order); *Collier on Bankruptcy* ¶ 5.08[2] (providing examples of final orders in bankruptcy). The pendency of an appeal does not impact the res judicata effect of a final order. *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013); *Gary J. Rotella & Assoc., P.A. v. Lundborg (In re Walker)*, 356 B.R. 877, 891 (Bankr. S.D. Fla. 2006).
>
> To quote the Fifth Circuit, "[a]lthough old bankruptcy cases, like old soldiers, never die, [the Court] shall endeavor to put this one at rest." *Colley*, 814 F.2d at 1009 . . . The pending motions simply rehash arguments and claims that have been decided by this Court and denied. Okorie's continued attempts to relitigate his claims are barred by res judicata.

Dkt. No. 1463 at 7-8.

**(5) District Court Orders Referring Actions to Bankruptcy Court (Adv. No. 25-06013, Dkt. No. 1; Adv. No. 24-06027, Dkt. No. 1).**

In its September 11, 2024, referral order, the District Court stated that, "Plaintiff is simply attempting to relitigate the legitimacy of the foreclosure sale of PriorityOne Bank conducted on the property located at 908 West Pine Street, Hattiesburg, Mississippi, on June 7, 2019. This Court has previously affirmed the Bankruptcy Court's orders related to the foreclosure sale of the subject property."[9] Adv. No. 24-06027, Dkt. No. 1 at 1-2.

---

[9] *See* Order [30], *Okorie v. Citizens Bank*, No. 2:23-cv-173-HSO-BRW (S.D. Miss. May 22, 2024) (affirming the Bankruptcy Court's Nov. 6, 2023, order on Debtor Okorie's objections to claims and dismissing his appeal); Order [8], *Okorie v. Lentz*, No. 2:24-cv-20-HSO-BWR (S.D. Miss. July 19, 2024) (affirming the Bankruptcy Court's decision, *inter alia*, that no violation of the automatic stay occurred when PriorityOne Bank sold the 908 West Pine Street property at a foreclosure sale).

And again, in its June 18, 2025, referral order, the District Court recognized Okorie's attempt to relitigate concluding that, "Plaintiff is attempting – yet again – to relitigate the legitimacy of the foreclosure sale of PriorityOne conducted on the property located at 908 West Pine Street, Hattiesburg, Mississippi, on June 7, 2019. This Court previously affirmed the Bankruptcy Court's orders related to the foreclosure sale of the subject property."[10] Adv. No. 25-06013, Dkt. No. 1 at 1. The matter was referred to the bankruptcy court "to avoid the inefficiencies of piecemeal adjudication of matters affecting the administration of bankruptcies." Adv. No. 25-06013, Dkt. No. 1 at 3 (internal quotation marks omitted).

**2. Res Judicata Bars the Claims in the Adversary Proceedings.**

The claims asserted in the adversary proceedings are barred by the prior order of dismissal in Adversary No. 23-06019 as well as other orders entered by this Court in Okorie's bankruptcy. Claims in the prior adversary, in motions filed by Okorie, and in each of the three adversary proceedings now before the Court, all arise out of the same nucleus of operative facts – the debt Okorie owed PriorityOne and the resulting foreclosure of 908 W. Pine Street.

The elements required for application of res judicata have been satisfied and the claims in the current adversary proceedings before the Court are precluded. As explained by the Fifth Circuit:

> "[R]estraining litigious plaintiffs from taking more than 'one bite of the apple' has been our avowed purpose since the common law doctrine of res judicata first evolved". *Sure-Snap Corp. v. State Street Bank and Trust Co*., 948 F.2d 869, 870 (2d Cir. 1991). Of course, in the bankruptcy context, especially a Chapter 7 liquidation, that bite is to be taken as expeditiously and economically as possible, to try to ensure, *inter alia*, that creditors get their share. After all, it has long been

---

[10] *See e.g.* Order [30], *Okorie v. Citizens Bank*, No. 2:23-cv-173-HSO-BRW (S.D. Miss. May 22, 2024) (affirming the Bankruptcy Court's Nov. 6, 2023, order on Debtor Okorie's objections to claims and dismissing his appeal); Order [8], *Okorie v. Lentz*, No. 2:24-cv-20-HSO-BWR (S.D. Miss. July 19, 2024) (affirming the Bankruptcy Court's decision, *inter alia*, that no violation of the automatic stay occurred when PriorityOne Bank sold the 908 West Pine Street property at a foreclosure sale).

the "general spirit and purpose" of bankruptcy not only to release a bankrupt from the obligation to pay his debts, but also to "secure a just distribution of the bankrupt's property among his creditors." *Wilson v. City Bank*, 84 U.S. (17 Wall.) 473, 480, 21 L. Ed. 723 (1873). In sum, the numerous and substantial reasons for the doctrine of *res judicata* are too well known, and obvious, to bear repeating. And, they are all the more compelling today, especially for bankruptcy, and related, proceedings. Because of spiraling litigation costs, increasingly congested courts—especially bankruptcy courts—and expanding theories of recovery, such as lender liability, it is more imperative than ever that the doctrine of *res judicata* be applied with unceasing vigilance.

*Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 739-40 (5th Cir. 1993).

PriorityOne's Motions to Dismiss Adversary No. 25-06008 and Adversary No. 25-06013 are granted. Further, the Court determines, sua sponte, that res judicata mandates dismissal of Adversary No. 24-06027. "The Court has the authority to sua sponte dismiss cases on the basis of claim preclusion or res judicata when both claims were brought before it." *Kendricks v. Methodist Children's Home*, No. 6:20-CV-01006-ADA-JCM, 2021 WL 5267901, at *2 (W.D. Tex. July 28, 2021); *see also McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (court can sua sponte dismiss on res judicata grounds for purposes of judicial economy).

**C. Okorie's Motion to Amend Complaint in Adversary No. 25-06008 Should be Denied as Futile.**

On May 14, 2025, Okorie filed a motion for leave to amend the complaint in Adversary No. 25-06008. Adv. No. 25-06008-KMS, Dkt. No. 35. Okorie states that the amendment is to (a) clarify state law claims under Miss. Code Ann. § 89-1-55, (b) streamline adjudication by removing bankruptcy related issues, and (c) facilitate remand to state court. *See* Adv. No. 25-06008, Dkt. No. 35 at 3. The original complaint requested relief on two counts: (1) wrongful foreclosure; and (2) declaratory judgment. Adv. No. 25-06008, Dkt. No. 2-2 at 5-7. The proposed amendment adds two counts; fraud and breach of implied duty of good faith and fair dealing. Adv. No. 25-06008, Dkt. No. 35-1 at 4-5. The new counts arise out of the foreclosure of 908 West Pine Street. *Id*.

Because the proposed amended complaint would also be subject to dismissal on grounds of res judicata, allowing the amended complaint would be an exercise in futility. "[C]laims barred by res judicata are futile." *Johnson v. CitiGroup Mortg. Loan Tr., Inc.*, No. 5:17-CV-1227-DAE, 2018 WL 6242181, at *9 (W.D. Tex. Mar. 19, 2018) (quoting *Green v. Buckley Madole, P.C.*, No. 3:14-cv-3742-N-BN, 2015 WL 1505703, at *4 (N.D. Tex. Mar. 30, 2015); *see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."); *Donnelly v. JPMorgan Chase Bank, N.A.*, No. H-15-1671, 2015 WL 6701922, at *1 (S.D. Tex. Nov. 3, 2015) (recognizing that motion to amend may be denied as futile where "new claims are based on the same nucleus of operative facts as the earlier case . . . and would thus be barred by res judicata.").

Likewise, amendment is futile because Okorie's proposed amended claims are time-barred under Mississippi law. "In Mississippi, claims brought for wrongful foreclosure of property are subject to the general three-year statute of limitations." *Ford v. Litton Loan Servicing LP*, No. 1:14-CV-178-SA-SAA, 2015 WL 5655721, at *3 (N.D. Miss. Sept. 24, 2015); *see also Buntyn v. JP Morgan Chase Bank, N.A.*, No. 3:13-cv-19-HTW-MTP, 2014 WL 652946, at *3 (S.D. Miss. Feb. 20, 2014). ("[T]he Mississippi Supreme Court has held that Mississippi Code § 15–1–49 applies to actions for wrongful or fraudulent foreclosures."); Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

Tolling for alleged concealed fraud is not available where the property conveyance is recorded and available to the public. *See O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 876 (Miss. 2001) ("This Court has clearly held that where an alleged fraudulent conveyance of real property is recorded and available to the public, there can be no concealed fraud preventing the running of

statute of limitations."). And, as pointed out by PriorityOne at the hearing, the foreclosure deed was recorded. Hr'g Tr., Dkt. No. 1552 at 19; PriorityOne Resp., Adv. No. 25-06008, Dkt. No. 94 at 4; Substitute Trustee's Deed, Adv. No. 25-06008, Dkt. No. 15-8 at 1-7 (recorded June 20, 2019).

Despite his argument that he did not get notice, this Court has found on multiple occasions that Okorie was aware of the foreclosure, and even acknowledged it and the deficiency claim in his bankruptcies, well before the statute of limitations expired.[11] *See, e.g.*, Dkt. No. 1059 at 2, 5, 11, *supra* p. 9-10. Any amendment seeking to raise claims regarding the foreclosure is futile. Therefore, the motion to amend must be denied. *See Ford v. Litton Loan Servicing LP*, 2015 WL 5655721, at *3 ("Because Courteau's substitution as trustee and the resulting foreclosure sale were matters of public record, Mississippi's general three-year statute of limitations applies without tolling."); *see also Wallace v. U.S. Bank, N.A.*, No. 4:17-CV-437-ALM-CAN, 2018 WL 3321463, at *6 (E.D. Tex. Jan. 22, 2018) ("Because Plaintiffs could have raised issue with the propriety of Defendants' pre-foreclosure notices in the First Lawsuit, [involving same note and deed of trust, property and foreclosure efforts] they may not do so now."); *Millard v. Bank of New York Mellon Tr. Co.*, No. A-12-CA-1094-SS, 2013 WL 12120415, at *3 (W.D. Tex. Jan. 30, 2013) ("Though the Millards' latest effort to prevent foreclosure has been updated to reflect the legal theory *du jour*, at its core this suit is merely a variation on a theme this Court has already heard. The same note and deed of trust are at issue, and one of the same parties is attempting to exercise its legal rights under those documents.").

**D. PriorityOne's Motion to Reinstate Adversary Proceeding Should be Denied.**

---

[11] The note and deed of trust for Okorie's loan with PriorityOne waived the right to notice of foreclosure other than that specifically provided by statute. No. 19-50379, Cl. No. 11-1 at 14. Mississippi law only requires notice by publication. Miss. Code Ann. § 89-1-55; *Blanchard v. Mize*, 186 So. 3d 403, 406 (Miss. Ct. App. 2016) ("Mississippi law does not require the mortgagee to directly notify the mortgagor of an impending foreclosure."). The record reflects that PriorityOne published notice of the foreclosure sale. Okorie's Objection to PriorityOne's Proof of Claim, Dkt. No. 635-9.

PriorityOne requests reinstatement of Adversary No. 24-06027, having been stayed by the September 25, 2024, Order Staying Adversary Proceeding[12] (Adv. No. 24-06027-KMS, Dkt. No. 24), so that pending matters may now be presented and resolved, and deadlines to file pleadings may be set. Adv. No. 24-06027, Dkt. No. 27. Okorie opposes the request. Adv. No. 24-06027, Dkt. No. 28. At the hearing, PriorityOne indicated its intent to proceed with filing a motion to dismiss if the Court were to reinstate the matter. Because the Court has determined that Adversary No. 24-06027 should be dismissed, as discussed above, it is unnecessary to reinstate the proceeding. Therefore, PriorityOne's request is denied.

### IV. Conclusion and Order

**IT IS THEREFORE ORDERED AND ADJUDGED** that PriorityOne's Motion to Dismiss in Adversary. No. 25-06008 is granted and the Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that PriorityOne's Motion to Dismiss in Adversary. No. 25-06013 is granted and the Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Complaint in Adversary. No. 24-06027 is dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Okorie's Motion to Amend Complaint in Adversary No. 25-06008 is denied.

**IT IS FURTHER ORDERED AND ADJUDGED** that PriorityOne's Motion to Reinstate Adversary No. 24-06027 is denied.

##END OF ORDER##

---

[12] All matters in the adversary proceeding were stayed pending Okorie's appeal to the United States Court of Appeals for the Fifth Circuit from the District Court's Order of Referral to Bankruptcy Court. *See* Stay Order, Adv. No. 24-06027, Dkt. No. 24. The appeal was dismissed by the Fifth Circuit. *See* Order of Referral, *Okorie v. PriorityOne Bank*, No. 2:24-cv-47-KS-MTP (S.D. Miss. Sept. 11, 2024), *appeal dismissed*, No. 24-60472 (5th Cir. Feb. 19, 2025), *mandate issued* (Mar. 13, 2025).

**EXHIBIT "A"**

| BANKRUPTCY COURT | DISTRICT COURT | 5TH CIRCUIT COURT OF APPEALS |
|---|---|---|
| **19-50379-KMS** | | |
| Order Motion to Set Aside the Judgment and Interrogatories of Wells Fargo . . . Dkt. No. 500. | 1:22-cv-00040-TBM-BWR, *dismissed with prejudice*, Dkt. No. 14. | N/A |
| Order Denying Motion for Violation of Automatic Stay, Dkt. No. 933. | 2:23-cv-00172-HSO-BWR, *aff'd*, Dkt. No. 8, *recons. den.*, Dkt. No. 10. | 24-60254, *aff'd*, Dkt. No. 43, *mandate issued* Oct. 7, 2024. |
| Opinion and Order on Debtor's Objection to Claims, Dkt. No. 932. | 2:23-cv-00173-HSO-RPM, *aff'd*, Dkt. No. 30. | 24-60255, *aff'd*, Dkt. No. 128, *reh'g den.*, Dkt. No. 138, *mandate issued* Dec. 3, 2024. |
| Order Denying Debtor's Amended Motion to Quash Examination and Stay Sanctions Pending Appeal Resolution, Dkt. No. 1039. | 2:24-cv-00017-HSO-BWR, *dismissed*, Dkt. No. 8. | N/A |
| Opinion and Order Denying Motion for Violation of Automatic Stay and Granting Motion to Annul Stay, Dkt. No. 1059. | 2:24-cv-00020-HSO-BWR, *aff'd*, Dkt. No. 8. | 24-60377, *aff'd*, Dkt. No. 62, *reh'g den.*, Dkt. No. 71, *mandate issued* Apr. 16, 2025. |
| Order Denying Motions for Violation of Automatic Stay, Dkt. No. 1058. | 2:24-cv-00021-TBM-RPM, *aff'd*, Dkt. No. 17. | 25-60047, *dismissed*, Dkt. No. 56, *mandate issued* May 23, 2025. |
| Order Approving Butler Snow's First Application for Compensation for Attorney for the Trustee, Dkt. No. 1121. | 2:24-cv-00030-KS-MTP, *dismissed with prejudice*, Dkt. No. 8. | 24-60345, *dismissed*, Dkt. No. 49, *recons. den.*, Dkt. No. 61, *mandate issued* Nov. 7, 2024. |
| Opinion and Order Denying Motions for Recusal, Dkt. No. 1185. | 2:24-cv-00050-TBM-RPM, *leave to appeal denied*, Dkt. No. 8. | 25-60048, *dismissed*, Dkt. No. 35, *mandate issued* July 17, 2025. |
| Order Granting Motion for Sanctions Including Prefiling Injunction, Dkt. No. 1198. | 2:24-cv-00051-KS-MTP, *aff'd*, Dkt. No. 11. | 24-60469, *aff'd*, Dkt. No. 76, *reh'g den.*, Dkt. No. 87, *mandate issued* Jan. 15, 2025. |
| Order Denying Motions to Void Orders Authorizing Sales of Real Property, Dkt. No. 1447. | 2:25-cv-00005-KS-MTP, *aff'd*, Dkt. No. 32. | 25-60490. |
| Order Denying Various Pending Motions, Dkt. No. 1463. | N/A | N/A |

| | | |
|---|---|---|
| Order Denying Debtor's Motion for Violation of Automatic Stay, Dkt. No. 1471.[13] | 2:25-cv-00042-TBM-RPM. (Hearing on 07/25/2025, written opinion pending). | N/A |
| Opinion and Order Denying Motions for Leave to File Barton Motions and to File Bond Under Seal, Dkt. No. 1546. | 2:25-cv-00143-HSO-BWR. | N/A |
| **AP 23-06017-KMS (CITIZENS/LENTZ/FOXWORTH)** | | |
| Order Denying Request for Injunctive Relief, Adv. Dkt. No. 18. | 2:23-cv-00100-TBM-RPM, *aff'd*, Dkt. No. 7. | 23-60505, *dismissed for lack of jurisdiction*, Dkt. No. 33, *recons. den.*, Dkt. No. 45, *mandate issued* Dec. 7, 2023. |
| Order and Final Judgment Granting Motion to Dismiss by Citizens Bank and R. Andrew Foxworth, Adv. Dkt. Nos. 110, 111. | 2:24-cv-00146-TBM-RPM, *aff'd*, Dkt. No. 14. | N/A |
| Order Dismissing Complaint Against Lentz, Adv. Dkt. No. 127. | N/A | N/A |
| **AP 23-06019-KMS (PRIORITYONE/LENTZ/HENDERSON)** | | |
| Order Dismissing Complaint, Adv. Dkt. No. 33. | 2:25-cv-00045-HSO-BWR. | N/A |
| Order Denying Motion for Leave to File Motion for Reconsideration, Adv. Dkt. No. 38. | 2:25-cv-00045-HSO-BWR. | N/A |
| **AP 23-06020-KMS (FIRSTBANK/LENTZ/SHAFFER)** | | |
| Order and Final Judgment Dismissing Complaint, Adv. Dkt. Nos. 25, 26. | 2:25-cv-00044-HSO-BWR. | N/A |
| Order Denying Motion for Leave to File Motion for Reconsideration, Adv. Dkt. No. 30. | 2:25-cv-00044-HSO-BWR. | N/A |
| **AP 23-06021-KMS (WELLS FARGO/LENTZ/LINDNER)** | | |
| Order Dismissing Complaint, Adv. Dkt. No. 20. | N/A | N/A |
| **AP 24-06017-KMS (CITIZENS/LENTZ/FOXWORTH)** | | |
| Order Staying Proceedings in the consolidated Adversary proceedings pending appeal, Adv. Dkt. No. 60. | 2:24-cv-00111-TBM-RPM, *dismissed*, Dkt. No. 20. | N/A |

---

[13] This appeal is related to Okorie's recoupment dispute with Keystone Healthcare Partners.